IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID O. THOMAS,

                     Plaintiff,                        AMENDED
                                                   OPINION AND ORDER

     v.

                                                             11-cv-682-wmc

UNITED STATES OF AMERICA,

                     Defendant.

---

In this action, plaintiff David Thomas seeks abatement as well as the refund of his partial payment of a trust fund recovery penalty ("TFRP") which was assessed against him pursuant to 26 U.S.C. § 6672 as a "responsible person" of the Izatys Group, LLC. After Thomas filed this refund action against the United States, the government filed a collection action against Thomas and Diane Cash, a business associate of Thomas who was also assessed a TFRP, in the District of Minnesota. *United States v. Diane Cash and David O. Thomas*, No. 11-3612 (D. Minn. filed Dec. 15, 2011). The government now moves to suspend the proceedings in this action pending resolution of that collection action. (Dkt. #11.) For the reasons that follow, the court will deny the motion and order the government to show cause as to why the court should not enjoin it from pursuing the collection action now pending against Thomas in the District of Minnesota pursuant to 26 U.S.C. § 6331(i).

BACKGROUND

The government alleges that the Izatys Group failed to pay over the income taxes and federal employment taxes withheld from its employees for the fourth quarter of 2007. On January 3, 2011, the IRS assessed Thomas and Cash as responsible persons of the Izatys Group with a TFRP for this period pursuant to 26 U.S.C. § 6672 in the amount of $29,375.32. On July 1, 2011, Thomas paid $50 toward the unpaid balance, and on August 19, 2011, the IRS applied a credit of $3,844.42 toward the TFRP assessment obtained through a levy on Thomas's property. Having paid a portion of the taxes due, Thomas filed this complaint on October 6, 2011 seeking abatement and a refund of the funds levied and paid.

The government answered the complaint on December 13, 2011. Two days later, on December 15, 2011, the government filed a complaint in the District of Minnesota to reduce to judgment the TFRP assessed against Thomas and Cash. Thomas was not served with this complaint until January 13, 2012. On February 3, 2012, Thomas filed a motion to dismiss the complaint or in the alternative sever and transfer the claims against him to this court.

OPINION

The government seeks a stay of this action, arguing reasonably enough that a stay will serve judicial economy. Since the government represents that Cash is a citizen of Minnesota and the events which gave rise to her assessment of the TFRP also took place in Minnesota, the government contends that this court lacks personal jurisdiction over

Cash, precluding the government from pursuing a claim against her except in Minnesota, while Thomas is also subject to that court's jurisdiction. If this case is not suspended, therefore, the government reasons that "two federal courts will be required to preside over two trials regarding who is responsible for the Izatys Group TFRP, in which each court will hear testimony from the same witnesses and evaluate the same evidence." (Def.'s Opening Br. (dkt. #12) 3.) The government rightly points out the risk of conflicting judgments.[1]

Most of the cases addressing whether a stay of a first-filed refund action pending resolution of a second-filed collection action is appropriate are from the United States Court of Federal Claims. In that court, at least in earlier opinions, motions to suspend a refund action pending resolution of a responsible person or collection action under 26 U.S.C. § 6672 were "usually granted routinely." *Klein v. United States*, 31 Fed. Cl. 614, 616 (Fed. Cl. 1994), *aff'd* 60 F.3d 839, 1995 WL 408195 (Fed. Cir. 1995) (unpublished); *see also Walker v. United States*, 43 Fed. Cl. 519, 521 (Fed. Cl. 1999) (granting stay and noting "[i]n responsible person cases similar to the instant case, this court generally has departed from the 'first-filed rule' and has suspended the first-filed

---

[1] Thomas may only file a refund suit in the district where he resides, because he is as a non-corporate taxpayer. 28 U.S.C. § 1402(a)(1); *see also Ciccotelli v. United States*, 545 F. Supp. 2d 609, 611 (W.D. Tex. 2008) (holding that "[t]he proper venue for a civil action brought by an individual for [a refund of a tax] under 28 U.S.C. § 1346 (a)(1) is the judicial district where the plaintiff resides"). The government concedes this point, but argues that the efficiencies favor a stay since Thomas will still have his day in court albeit exclusively in the District of Minnesota -- the final judgment in that action likely having preclusive effect on this case.

Court of Federal Claims action pending completion of the later-filed district court action involving all of the potential 'responsible persons'").[2]

More recently, however, courts routinely have denied motions to stay and enjoined later-filed collection actions pursuant to 26 U.S.C. § 6331(i). *See, e.g.*, *Beard v. United States*, 99 Fed. Cl. 147 (Fed. Cl. 2011) (providing extensive discussion of the statutory language and legislative history in finding that the government's later-filed action to determine TFRP liability was a "collection action" under 26 U.S.C. § 6331(i) and enjoining the government's action); *Nickell v. United States*, No. 4:08CV319, 2009 WL 2031915 (E.D. Tex. Apr. 2, 2009); *Conway v. United States*, No. 4:04CV201, 2009 WL 2031856 (E.D. Tex. Mar. 26, 2009); *Rineer v. United States*, 79 Fed. Cl. 765 (Fed. Cl. 2007); *Swinford v. United States*, No. 5:05CV-234-R, 2007 WL 496376 (W.D. Ky. Feb. 9, 2007), *vacated on other grounds*, 2008 WL 4682273 (W.D. Ky. Jun. 20, 2008); *cf. Kennedy v. United States*, 95 Fed. Cl. 197, 206-07 (Fed. Cl. 2010) (declining to enjoin collection action as to one tax period where that action covered seventeen tax periods and was already underway).

Section 6331(i) was added to the tax code in 1998 as part of the "Taxpayer Bill of Rights 3" title of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3433, 112 Stat. 685, 759-60. It provides in pertinent part:

---

[2] For his part, Thomas cites to one case -- *United States v. Thomas*, No. 08-788-GPM, 2009 WL 792571 (S.D. Ill. Mar. 24, 2009) which is readily distinguishable from the facts at issue here and therefore does not particularly aid the court in determining whether to grant the stay. Unlike here, the assessment had already been paid in full in that case and, therefore, the government's collection action was deemed "an action that serve[d] no purpose." *Id.* at *2.

(i) No levy during pendency of proceedings for refund of divisible tax.--

(1) In general.--No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax which was paid by such person if--

(A) the decision in such proceeding would be res judicata with respect to such unpaid tax; or

(B) such person would be collaterally estopped from contesting such unpaid tax by reason of such proceeding.

(2) Divisible tax.--For purposes of paragraph (1), the term "divisible tax" means--

(A) any tax imposed by subtitle C; and

(B) the penalty imposed by section 6672 with respect to any such tax.

. . .

(4) Limitation on collection activity; authority to enjoin collection.--

(A) Limitation on collection.--*No proceeding in court for the collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph.* This subparagraph shall not apply to--

(i) any counterclaim in a proceeding under such paragraph; or

(ii) any proceeding relating to a proceeding under such paragraph.

(B) Authority to enjoin.--Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) by the court in which the proceeding under paragraph (1) is brought.

. . .

5

26 U.S.C. § 6331(i) (emphasis added).

In light of this provision as well as the caselaw interpreting it to *bar* collection actions like that filed by the government against Thomas in the District of Minnesota pending resolution of his earlier-filed refund action, the court will deny the government's motion for a stay and, absent dismissal of Thomas as a defendant in the District of Minnesota proceeding, order the government to show cause as to why this court should not enjoin the government from pursuing Thomas in the collection action proceeding resolution of this refund action.

ORDER

IT IS ORDERED that:

1) The United States' motion to suspend proceedings (dkt. #11) is DENIED; and

2) The United States is ordered to show cause as to why this court should not enjoin the government from proceeding in *United States v. Diane Cash and David O. Thomas*, No. 11-3612 (D. Minn. filed Dec. 15, 2011) pursuant to 26 U.S.C. § 6331(i). The United States shall submit proof of Thomas's dismissal from that action or a brief and any supporting materials addressing its failure to do so on or before March 1, 2012.

Entered this 10th day of February, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge